**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen Zeinaty, a single woman, | No. CV-05-3759-PCT-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Tim Schimikowsky and Shannon Schimikowsky, husband and wife; Steve Muell and Jane Doe Muell, husband and wife; Rodney B. Head, Chief of Police, Bullhead City Police Department; Bullhead City Police Department; and City of Bullhead, | |
| Defendants. | |

On June 9, 2006, the Court held an evidentiary hearing on Defendants' motion to enforce settlement. Docs. ##12, 15, 17. The Court heard testimony from David G. Bednar (Plaintiff's former attorney), William Doyle (defense counsel), and Plaintiff Kathleen Zeinaty. Several exhibits were received in evidence during the hearing, including a tape recording of telephone conversations between Plaintiff and Mr. Bednar. Following the hearing, the Court listened to the tape recorded conversations three times.

**A.    General Principles.**

The Court has jurisdiction to rule on the motion and enforce the settlement if appropriate. *See TNT Mktg., Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986) ("The district court [has] inherent power to enforce the agreement in settlement of litigation before it[.]"). The construction and enforcement of the settlement is governed by Arizona contract law.

1 *See Jeff D. v. Andrus*, 899 F.2d 753, 759-60 (9th Cir. 1990) ("The construction of settlement 2 agreements are governed by principles of local law which apply to interpretation of contracts 3 generally.").

4 An evidentiary hearing is required to resolve the factual dispute about whether 5 Plaintiff authorized her former counsel to settle this case. *See Adams v. Johns-Manville* 6 *Corp.*, 876 F.2d 702, 708 (9th Cir. 1989) ("[W]here the parties dispute the existence or terms 7 of the agreement, an evidentiary hearing is required."). Because Defendants' motion seeks 8 the equitable remedy of specific performance, the Court may resolve the factual dispute. *See* 9 *id.* at 709 ("The motion to enforce the settlement agreement essentially is an action to 10 specifically enforce a contract. 'An action for specific performance without a claim for 11 damages is purely equitable and historically has always been tried to the court.'") (citation 12 omitted); *Hays v. Fischer*, 777 P.2d 222, 226 (Ariz. Ct. App. 1989) (attorney authority is a 13 question of fact, and the trial court's findings will not be disturbed unless they are 14 unsupported by the evidence or are erroneous as a matter of law).

15 "An attorney is not his client's general agent and has no authority merely by virtue 16 of retention in litigation to impair the client's substantial rights or the cause of action without 17 the client's consent. However, where the client expressly so authorizes the attorney, the 18 attorney may enter into an agreement on the client's behalf compromising a lawsuit, and his 19 action in doing so binds the client." *Id.* at 227 (citations omitted).

20 **B.   Findings.**

21 The Court finds that Plaintiff Kathleen Zeinaty authorized attorney David Bednar to 22 settle this case for $15,000 and that Mr. Bednar and counsel for Defendants subsequently 23 entered into a settlement agreement. In support of this conclusion, the Court makes the 24 following findings.

25 1.   Plaintiff retained attorney David Bednar to represent her in this litigation. 26 Plaintiff signed a Retainer Agreement on December 6, 2004, a copy of which was admitted 27 as Exhibit 2 at the hearing. Paragraph 6 of the Retainer Agreement specifically states that 28 Mr. Bednar's firm "will not enter into a settlement without Client's consent."

1      2.      Mr. Bednar engaged in settlement discussions with Defendant City of Bullhead before the litigation was filed. Those settlement discussions continued during the course of the lawsuit. In late December of 2005, shortly before discovery responses were due, Mr. Bednar discussed with defense attorney William Doyle the possibility of settling the case for $15,000.

       3.      On or about December 29, 2005, Mr. Bednar discussed settlement in a telephone conversation with Plaintiff. Plaintiff taped the conversation without Mr. Bednar's knowledge. A copy of the tape was received in evidence at the hearing as Exhibit 5. Mr. Bednar recommended in the conversation that Plaintiff settle the case for $15,000. Plaintiff initially expressed reluctance to settle for this amount, but later said she would consider it. Although Mr. Bednar strongly recommended that Plaintiff accept the offer, he did not purport during the conversation to have authority to settle, nor did he try to bully or force Plaintiff to accept the offer. He clearly was waiting for her decision.

       4.      On January 3, 2006, Plaintiff called Mr. Bednar and, in a brief conversation, told him she would settle for $15,000. Although Plaintiff testified that the conversation did not occur, or, if it did, that it did not include her authorization of the settlement, the Court found Mr. Bednar's testimony more credible.

       5.      The next day, January 4, 2006, Mr. Bednar contacted Mr. Doyle and informed him that Plaintiff had agreed to settle the case for $15,000. Mr. Doyle informed Mr. Bednar that Doyle had authority to agree to the settlement on behalf of all Defendants, but that the settlement would need to be approved by the Bullhead City Council.

       6.      On January 17, 2006, Mr. Doyle received confirmation that the City Council had approved the settlement.

       7.      On January 18, 2006, Mr. Doyle wrote a letter to Mr. Bednar which stated: "This correspondence will confirm that we have settled the above-referenced matter on behalf of all defendants for $15,000. Please forward me your tax identification number and I will order an appropriate draft and forward it to you along with a Release and Stipulation to Dismiss." Doc. #12, Ex. 2.

1    8.   On January 19, 2006, Mr. Bednar wrote Plaintiff and informed her that the Bullhead City Council had approved the $15,000 settlement she had authorized. A copy of the letter was admitted as Exhibit 4 during the hearing.

9.   Plaintiff subsequently contacted Mr. Bednar, told him she was terminating his employment as her lawyer, and traveled to his office to obtain a copy of the file. Mr. Bednar filed a motion to withdraw as counsel which was granted on February 15, 2006. Doc. #24.

10.   These findings are supported by the testimony of witnesses at the hearing, including the Court's assessment of credibility, the documentary evidence submitted during the hearing, and the telephone conversations taped by Plaintiff.

**C.   Conclusions.**

1.   Defendants have carried their burden of proving by a preponderance of the evidence that Plaintiff authorized her attorney, David Bednar, to settle this case for $15,000.

2.   Following that authorization by Plaintiff, an offer and acceptance occurred during the January 4, 2006, conversation between attorneys Bednar and Doyle. The contract formed during this conversation was conditioned on approval of the settlement by the Bullhead City Council.

3.   The City Council approved the settlement on January 17, 2006. This fact was communicated to Mr. Bednar by letter on January 18, 2006. As of this date, the parties had entered into a binding settlement agreement.

4.   Plaintiff's subsequent efforts to disavow the settlement do not alter the fact that a binding settlement agreement was reached.

5.   The Court will enforce the settlement agreement. Defendants shall tender the settlement amount of $15,000 to Plaintiff and her counsel. Upon confirmation that the settlement amount has been tendered, the Court will dismiss this action with prejudice.

**IT IS HEREBY ORDERED:**

1.   Defendants' Motion to Enforce Settlement (Doc. #12) is **granted**. Co-Defendants' joinder in the motion (Docs. ##15, 17) are **granted**.

2.   All remaining motions are **denied as moot**.

3. Defendants shall tender the settlement amount of $15,000 to Plaintiff and her counsel on or before **June 30, 2006**, and shall confirm the tender of this amount to the Court on or before **July 7, 2006**, at which time Defendants shall also submit a proposed order dismissing this case with prejudice.

DATED this 9th day of June, 2006.

_____
David G. Campbell
United States District Judge